106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael James CHURN, Defendant-Appellant.
 No. 95-6624.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1997.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Michael Churn challenges his criminal conviction by alleging that the evidence presented during his criminal trial was seized in violation of the Fourth Amendment. For the following reasons, we AFFIRM.
 
 
 2
 Defendant's case stems from an emergency 911 phone call reporting gunshots fired from an automobile. The description of the automobile and driver led the officers to a car driven by the defendant, and they began to question the defendant's potential involvement in the alleged shooting incident. The District Court found that the defendant admitted involvement in the shooting, and that finding is not clearly erroneous. This conversation culminated in a search of the passenger compartment of the automobile which resulted in the discovery of illegal narcotics. This discovery prompted a subsequent search of the defendant's person which yielded further evidence of narcotics distribution.
 
 
 3
 During the ensuing criminal trial, the defendant pled guilty after his motion to suppress the evidence under the exclusionary rule was denied. The defendant now appeals his convictions on the basis of the court's denial of his suppression motion.
 
 
 4
 In addressing the suppression motion, we consider the evidence in the light most favorable to the government. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993). We accept the district court's findings of fact unless clearly erroneous. Id. As for the district court's conclusions of law, those are reviewed de novo. Id.
 
 
 5
 The officers conducted the search of the passenger compartment of the automobile after questioning the defendant's possible involvement in the alleged shooting incident. The description conveyed in the emergency phone call, combined with the defendant's admission to discharge of a firearm, establishes probable cause for this search. Consequently, the search was objectively reasonable under the Fourth Amendment. See Chambers v. Maroney, 399 U.S. 42, 51 (1970).
 
 
 6
 Defendant mistakenly argues that this Court should focus upon the subjective beliefs of the officers at the time of the search rather than an objective view of the circumstances surrounding the search. This emphasis upon subjectivity has been rejected by this Court in favor of an objective approach. See United States v. Ferguson, 8 F.3d 385 (6th Cir.1993) (en banc) (adopting an objective approach to the issue of probable cause in the context of a traffic stop). The subjective beliefs of the officers are simply irrelevant to the reasonableness of the search. See id. at 391.
 
 
 7
 Because the officers possessed probable cause to search the automobile, the search was reasonable within the meaning of the Fourth Amendment. Therefore, we need not address defendant's contention that he did not consent to the search.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.